## Commonwealth v. Detwiler

*J. Stroud Weber*, for Commonwealth.
*Irvin H. Campbell*, for defendant.

CORSON, J., March 1, 1935.—The defendant is a school teacher charged with having committed assault and battery upon one of his pupils. The defendant was arrested upon information of the pupil's father; the case returned to court, and a true bill found by a grand jury.

The defendant now moves to quash the indictment because the transcript does not comply with the Act of May 27, 1919, P. L. 306, sec. 1, which provides:

"That in all cases of prosecutions for assault or assault and battery, the . . . justice of the peace . . . before whom such case is instituted, shall, before he binds any person so charged over to the court of quarter sessions . . . enter into a full hearing and investigation of the facts charged, and shall only bind over the defendant to the said court when he is satisfied from the evidence that the prosecution is reasonably well founded."

This act of assembly was evidently passed to prevent abuses by magistrates in the return to court of trifling assault and battery cases.

From the argument of counsel, it would seem to be admitted that the committing justice of the peace did not enter into the full hearing and investigation required by the act of assembly. It is the contention of the Commonwealth, however, that the defendant, having entered bail, waived any informalities or errors in his arrest, hearing, and binding over for court. This would be true in the ordinary case where it has been held that the entry of a bond waives irregularities in the arrest, etc. In the present case, however, the act of assembly appears to have been passed for the purpose of protecting the quarter sessions court from being clogged with petty assault and battery cases that should never be returned to court. Under this view of the act of assembly, the act is not alone for the protection of the defendant but is to prevent the return of improper cases.

We feel, therefore, that to sustain the indictment in the ordinary assault and battery case, the transcript should show a compliance by the justice of the peace with the Act of 1919, supra. The justice of the peace in the present case not having complied with such act, it follows that the indictment is improperly before us and must be quashed. While there is no appellate court case directly in point, yet the following lower court cases would seem to sustain our action in the present case: Commonwealth v. Kastonovich, 16 Del. Co. 137, 140; Commonwealth v. Mainieri, 21 Luz. L. Rep. 107; Com-

monwealth v. Mellott, 30 Dist. R. 164; Commonwealth v. Hicks et ux., 8 D. & C. 735.

And now, March 1, 1935, for the reasons given the defendant's motion is allowed, and the indictment is quashed.